**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAMUEL E. TOOTLE, II,

       Plaintiff - Appellant,

v.

ALLEN DUNAVAN, LTC, U.S. Army
Officer in Charge, U.S.D.B.
Command, Judge Advocate Office;
(FNU) ROEDER, LTC, U.S. Army
Officer in Charge of U.S.D.B.
Operations; (FNU) WILLIAMS, SGT.
MAJ., U.S. Army, U.S.D.B.
Operations Senior N.C.O.; (FNU)
DALEY, SGT. MAJ., U.S. Army,
U.S.D.B. Command; (FNU)
JEMMOTT, MSG. U.S. Army,
U.S.D.B. N.C.O.I.C Operations,

       Defendants - Appellees.

No. 04-3077
(D.C. No. 03-CV-3216-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**   *

---

    *After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA** , Chief Judge,   **BRISCOE**  and **HARTZ** , Circuit Judges.

Plaintiff Samuel E. Tootle, II, appeals the dismissal of his *Bivens* claims, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that personnel at the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas, withheld his files relating to several court proceedings.  Concluding that the district court properly dismissed Plaintiff's claims under the *Feres* doctrine, *see Feres v. United States*, 340 U.S. 135 (1950), we affirm.

Plaintiff filed this action while a prisoner at the USDB.  His claims stem from the withholding by military personnel of some of his legal files between September 29, 2002, and October 16, 2002.  The files were removed from Plaintiff's cell during the course of a move to a new facility.  Plaintiff's complaint alleges that Defendants, military personnel involved in the operation of the USDB, conspired to seize his legal files in order to deny him access to those files, to destroy them, to prevent him from filing civil actions, and to gain a tactical advantage by reviewing the contents of the files.  According to the complaint, Defendants were retaliating against him for filing civil actions and pursuing habeas relief.  Plaintiff sought damages and an injunction to stop Defendants from seizing his files and from otherwise harassing him.

Plaintiff later filed a motion for leave to supplement his original complaint by adding new defendants and asserting claims under 42 U.S.C. §§ 1985-1986. He asserted that Defendants had continued to retaliate against him. He also filed a motion to file his pleadings electronically.

The district court granted Plaintiff's motion for leave to file a supplemental complaint, but held that Plaintiff's claims for damages were barred by the *Feres* doctrine, and that his claims for injunctive relief were moot because he had been released from custody by the time the matter was decided. The court also denied his motion for leave to file pleadings electronically. Plaintiff appeals the dismissal of his damages claims and the denial of his request to file electronically.

A dismissal under *Feres* is a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir. 2002). We therefore review the dismissal de novo. *Id.* We are mindful that "[a]llegations in a *pro se* complaint are construed liberally." *Id.*

In *Feres* the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. The Supreme Court later extended this rule to *Bivens* actions in *Chappell v. Wallace*,

462 U.S. 296, 305 (1983), holding that, "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."  The *Feres* doctrine has been expanded "to the point where it now encompasses, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military."  *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000) (internal quotation marks and brackets omitted).

Plaintiff's alleged injuries stem from his incarceration at the USDB, and consequently arose out of his military service.  *See Ricks*, 295 F.3d at 1132 ("Ricks' incarceration at the USDB, and thus his alleged injuries, stemmed from his military relationship such that it is incident to his military service." (internal quotation marks omitted)).  The incident-to-service test is therefore satisfied, and Plaintiff's claims must be dismissed under *Feres.*

As for Plaintiff's contention that the district court improperly refused to allow him to file his pleadings electronically, we hold that the district court did not err in doing so.  *See* D. Kan. Standing Order 03-1, Rule 5.4.2 ("A party to a pending civil action who is not represented by an attorney may not register as a Filing User in the Electronic Filing System unless permitted to do so by the court.").

-4-

We AFFIRM the district court's dismissal of Plaintiff's claims.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge